IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>FOR THE USE OF<br><br>PPG ARCHITECTURAL FINISHES, INC.<br>    Plaintiff,<br><br>VS.<br><br>EL PASO PAINTING LLC,<br>MILCON CONSTRUCTION, LLC and<br>DEVELOPERS SURETY AND INDEMNITY<br>COMPANY<br>    Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO.<br>20-572 |

## COMPLAINT

The Plaintiff says:

### I.

### Parties

1.  PPG ARCHITECTURAL FINISHES, INC., hereinafter referred to as "PPG", the use Plaintiff herein, is a corporation with its principal place of business located in Cranberry Township, Pennsylvania. PPG is engaged in the business of providing paint and sundries and related materials for incorporation into improvements on real property.

2.  Defendant, EL PASO PAINTING LLC, hereinafter referred to as "El Paso", is a domestic limited liability company with its principal place of business located at PO Box 548, Helotes, TX 78023. Service may be obtained by serving El Paso's registered agent, Rudy Ruiz, at 1415 Craddock Ave., San Marcos, TX 78666.

3.  Defendant, MILCON CONSTRUCTION, LLC, hereinafter referred to as "Milcon",

is a domestic limited liability company with its principal place of business located at 225 E. Locust Street, San Antonio, TX 78212. Service may be obtained by serving Milcon's registered agent, Armando A. Aranda, Jr., at 225 E. Locust St., San Antonio, TX 78212.

4. Defendant, DEVELOPERS SURETY AND INDEMNITY COMPANY, hereinafter referred to as "DSIC" is a Foreign Corporation engaged in the business of issuing payment bonds on construction projects. DSIC maintains its principal place of business at PO Box 19725, Irvine, CA 92623. Service may be obtained by serving DSIC's registered agent, Corporation Service Company at 211 E. 7th St., Ste. 620, Austin, TX 78701-3218.

## II.

### Jurisdiction

This Court has jurisdiction of this action under United States Code, Title 40, Sections 3131-3133.

## III.

### Sworn Account/Breach of Contract

1. In the usual course of business, PPG sold to Defendant, El Paso, one or more items of goods, wares, merchandise or services, as shown on the attached statement of account. These goods, wares, services, or merchandise can be more specifically described as paint and sundries and related services and materials. El Paso accepted each item and became bound to pay PPG its designated Price, which is a reasonable, usual, and customary Price for such an item. The statement of account attached hereto as Exhibit "A", is incorporated into this Petition by reference as if copied herein verbatim. This account represents a transaction or series of transactions of which a systematic record has been kept.

2. El Paso defaulted in making required payment on the account on July 31, 2019. After all just and lawful offsets, credits, and payments have been allowed, the principal balance due PPG on the account attached as Exhibit "A" is $6,910.73. PPG has demanded that El Paso pay this amount, but El Paso has not done so.

3. PPG would allege that by the terms of the agreement for services and/or materials between PPG and El Paso, El Paso promised to pay for the materials and services provided by PPG. El Paso' failure to pay PPG the amount agreed to in the contract, constitutes a material breach of the contract.

4. PPG would further allege that it has fully performed all conditions precedent, covenants, and promises under its contracts with El Paso. As of the date of filing of this petition, PPG's damages due to El Paso' material breach total $6,910.73.

5. El Paso' material breach of the contract has been the direct and proximate cause of damages to PPG as described above. PPG would allege that it is entitled to pre-judgment interest through the date of judgment.

6. Defendant's default has made it necessary for PPG to employ the undersigned attorney to file suit. This claim was timely presented to Defendant and remains unpaid. A reasonable fee for the attorney's services rendered and to be rendered is $15,000.00.

## IV.

### Miller Act

1. Paragraphs I through III are incorporated herein by reference the same as if fully copied and set forth at length.

2. Milcon has entered into a written contract with the United States of America through

the AFNAPO/SVC at the United States Air Force Goodfellow Air Base, for construction of improvements at the Temporary Lodging Facility [Project], located at Goodfellow Air Force Base, 351 Kearney Blvd., San Angelo, Texas.

3. Milcon and DSIC duly executed and delivered to the United States of America a payment bond [Bond] for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract; such bond was executed in accordance with the provisions of United States Code, Title 40, Section 3132.

4. Milcon entered an agreement with El Paso for El Paso to provide labor and materials to the Property. El Paso subsequently entered an agreement with PPG for PPG to supply paint and sundries and related materials required on the Project such as those more specifically described in Exhibit "A", attached hereto and incorporated herein for all purposes by reference.

6. During March through July, 2019, PPG at the special instance and request of El Paso, supplied materials and services to El Paso, all of which were used in the prosecution of the work provided for in the principal contract. El Paso obtained the materials and supplies from PPG and contracted and agreed to pay PPG therefore the sum of $6,910.73, of which PPG has not been paid.

7. The date on which PPG last shipped such materials and services to El Paso was July 1, 2019. A period of more than ninety (90) days has elapsed since the last date on which PPG supplied material to El Paso and PPG has not been paid in full for such materials.

8. On September 26, 2019, PPG served written notice upon El Paso and Milcon of PPG's claim for the amount owed to PPG for materials furnished on the prosecution of the work provided for in the primary contract. Such notice was duly served by certified mail, return receipt requested, in the manner provided for in United States Code, Title 40, Section 3133, and accurately

stated the amount claimed and the name of the party to whom the material was furnished, and otherwise complied with the provisions of the aforesaid statute. A copy of said notice is attached hereto as Exhibit "B" and incorporated herein for all purposes by reference.

9. El Paso's, Milcon's, and DSIC's defaults have made it necessary for PPG to employ the undersigned attorney to file suit. This claim was timely presented to Defendants and remains unpaid. A reasonable fee for the attorney's services rendered and to be rendered is $15,000.00.

V.

**Quantum Meruit**

1. Paragraphs I through IV are incorporated herein by reference the same as if fully copied and set forth at length.

2. Pleading further and in the alternative, PPG would show that during March through July, 2019, at the request of El Paso, PPG furnished services and/or materials to El Paso. El Paso accepted the benefits of such services and/or materials and knew, or under the circumstances reasonably should have known, that PPG expected payment from El Paso for such services and/or materials. The services and/or materials furnished by PPG were reasonably worth the sum of $6,910.73 at the time same were furnished.

3. There remains due and owing to PPG the sum of $6,910.73 which El Paso has failed and refused to pay although proper demand for payment has been made by PPG.

4. PPG's claim was timely presented to El Paso and remains unpaid. More than thirty (30) days have elapsed since such presentation to El Paso, and it has become necessary for PPG to acquire the outstanding balance to which it is entitled. In accordance with 38.001 of the Texas Civil Practice and Remedies Code, PPG is entitled to reimbursement by El Paso for its reasonable

attorney's fees, which reasonable attorney's fees PPG alleges to be at least $15,000.00 through trial, plus an additional $10,000.00 for an appeal to Civil Court of Appeals, if such an appeal is had, and an additional $10,000.00 for an appeal to the Supreme Court of Texas, if such an appeal is had.

5. PPG would further show that, by virtue of the provisions of Section 302.002 of the Texas Finance Code, interest on open accounts accrues at the rate of six percent (6%) per annum, commencing on the thirtieth day from and after the time such sum is due and payable. PPG is, therefore, entitled to prejudgment interest at the rate of six percent (6%) per annum from the 30th day after each unpaid invoice that constitutes part of the open account became due and payable.

## Prayer

WHEREFORE, the United States of America, on behalf of and for the use of PPG ARCHITECTURAL FINISHES, INC., prays judgment against Defendants, EL PASO PAINTING LLC, MILCON CONSTRUCTION, LLC and DEVELOPERS SURETY AND INDEMNITY COMPANY, as follows:

1. Judgment against EL PASO PAINTING LLC, MILCON CONSTRUCTION, LLC and DEVELOPERS SURETY AND INDEMNITY COMPANY, jointly and severally, for damages in the amount of $6,910.73, plus prejudgment interest at the rate of 6% percent from November 30, 2018, until date of judgment; and

2. Judgment against EL PASO PAINTING LLC, MILCON CONSTRUCTION, LLC and DEVELOPERS SURETY AND INDEMNITY COMPANY, jointly and severally, for attorney's fees in the amount of $15,000.00, plus contingent attorney's fees in the event this matter should be appealed to another Court; and

4. Cost of suit; and

5. Post judgment interest at the rate of 5% per annum from the date of judgment until paid in full; and

6. Such other and further relief at law and in equity, until paid in full.

Respectfully submitted,

LAW OFFICES OF CHARLES E. WEAR, JR., PC

By: _____
Charles E. Wear, Jr.
State Bar No. 20992800
1811 W. Park Row
Arlington, TX 76013
(817) 277-2229
(817) 274-7528 facsimile
charles@wear-law.com
Attorneys for Plaintiff